UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Weider Health and Fitness
and Bruce Forman,

                                    Plaintiffs,                          Case No.:

        -   against -

AusTex Oil Limited, International Energy Corporation, an
Oklahoma Corporation, International Energy Corporation
of Northern Oklahoma and International Energy
Corporation, a Kansas Corporation,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiffs, by their attorneys, The Law Offices of Martin Eisenberg, alleges as follows:

## NATURE OF ACTION

This is an action commenced by the plaintiffs to recover damages sustained as a result of

the defendant AusTex Oil Limited's breach of its obligations to honor plaintiffs' preferred

shareholder redemption rights.  The cause of action against defendants International Energy

Corporation, an Oklahoma corporation, International Energy Corporation of Northern Oklahoma

and International Energy Corporation, a Kansas corporation  is based upon their joint and several

unconditional guarantee of payment of any amounts required to be paid by the defendant AusTex

Oil Limited to its preferred shareholders, including, but not limited to, any payments due

preferred shareholders on account of the exercise of their preferred shareholder  redemption

rights.

## PARTIES

1.      Plaintiff Weider Health and Fitness ("WHF") is a corporation organized pursuant to the laws of the State of Nevada with its principal place of business located at Suite 310, 207050 Ventura Blvd., Woodland Hills, California 91364.

2.      Plaintiff Bruce Forman ("Forman") is a citizen of the state of California residing at 17847 Porto Marina Way, Pacific Palisades, California 90272.

3.      Defendant AusTex Oil Limited ("AusTex") is a corporation organized pursuant to the laws of Australia publicly traded on the Australian Securities Exchange and the OTCQX with its principal place of business located at Level 9, 2 Bligh Street, Sydney, NSW 2000, Australia.

4.      Upon information and belief, defendant International Energy Corporation, an Oklahoma corporation, ("IEC Oklahoma") is a corporation organized pursuant to the laws of the state of Oklahoma with its principal place of business located at 1801 East 71st Street, Tulsa, Oklahoma 74136.

5.      Upon information and belief, defendant International Energy Corporation of Northern Oklahoma ("IEC Northern") is a corporation organized pursuant to the laws of the state of Oklahoma with its principal place of business located at 1801 71st Street, Tulsa, Oklahoma 74136.

6.      Upon information and belief, defendant International Energy Corporation, a Kansas corporation ("IEC Kansas"), is a corporation organized pursuant to the laws of the state of Kansas with its principal place of business located at 1801 71st Street, Tulsa, Oklahoma 74136.

## JURISDICTION AND VENUE

7.     Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the plaintiffs and defendants are citizens of different states in which citizens or subjects of a foreign state are additional parties and the value of the matter in controversy exceeds $75,000.

8.     The exercise of personal jurisdiction in New York by this Court over the defendants and venue in this District is proper pursuant to the written agreement by the parties.

## GENERAL ALLEGATIONS

9.     Pursuant to, *inter alia*, the terms of a Subscription Agreement (the "Subscription Agreement"), the RCPA Share Terms attached to the Subscription Agreement (the "RPCA Share Terms"), the RPB Share Terms attached to the Subscription Agreement (the "RPB Share Terms") (the RCPA Share Terms and RPB Share Terms (which are referred to collectively as the "Terms of Issue" in the Subscription Agreement) are referred to collectively the "Terms of Issue"), and the Subsidiary Guarantee by IEC Oklahoma, IEC Northern and IEC Kansas (the "Guarantee"), all dated as of October 13, 2013 (the Subscription Agreement, the Terms of Issue and the Guarantee (which are collectively defined as the "Transaction Documents" in the Subscription Agreement) are referred to collectively as the "Transaction Documents"), AusTex issued two classes of preference/preferred shares designated respectively as the redeemable convertible preference "A" shares or RCPA Shares (the "RCPA Shares" and each share an "RCPA Share") and the redeemable preference "B" shares or RPB Shares (the "RPB Shares" and each share an "RPB Share") (the RCPA Shares and the RCPA Shares are collectively referred to as the "Preferred Shares" in the Subscription Agreement and in the complaint herein).

10.     Defendant AusTex held an Extraordinary General Meeting on or about January 24, 2014 at which Extraordinary General Meeting the shareholders of defendant AusTex authorized the issuance of the Preferred Shares pursuant to the Terms of Issue.

11.     Pursuant to the Terms of Issue, each RCPA Share or RPB Share has a Face Value of USD 0.15 (the "Face Value") and originally had dividend rights that provided for a regular Dividend Rate (as such term is defined in the Terms of Issue) of 11.75% per annum on the Face Value.

12.     Pursuant to the Terms of Issue, three individuals (Richard Ardey, Dan Lanskey and Butch Flatt) are designated and defined as "Key Persons" with respect to defendant AusTex.

13.     Pursuant to the terms of an Amending Deed to the Subscription Agreement issued on or around October 24, 2014 (the "Amending Deed"), the right of the each holder of RCPA Shares (which is defined as an "RCPA Shareholder" in the RCPA Share Terms) and each holder of RPB Shares (which is defined as an "RPB Shareholder" in the RPB Share Terms) to receive dividends on account of the Preferred Shares was terminated.  Pursuant to the terms of the Amending Deed, and in consideration of the termination of dividend rights with respect to the Preferred Shares, defendant AusTex issued additional RCPA Shares to each RCPA Shareholder and additional RPB Shares to each RPB Shareholder.

14.     WHF is the holder of 13,108,762 RCPA Shares and 12,049,278 RPB Shares amounting to an aggregate total of 25,158,040 shares of RCPA Shares and RPB Shares (collectively the "WHF Preferred Shares").

15.     Forman is the holder of 2,515,804 RPB Shares (the "Forman Preferred Shares").

16.     Clause 5.1 of each set of Terms of Issue states in relevant part:

**5.1 Redemption by RCPA [RPB] Shareholder**

(a)  As soon as reasonably practicable following the occurrence of any of the following events (each a **Shareholder Redemption Event**):

(3)  except with the RCPA [RPB] Shareholder's prior written consent, two out of the three Key Persons [*i.e.*, Richard Adrey, Dan Lanskey and Butch Flatt] have ceased to be officers or employees of the Company [AusTex];

the Company must promptly notify each RCPA [RPB] Shareholder in writing of the occurrence of a Shareholder Redemption Event and provide such details of the Shareholder Redemption Event as are reasonably available.

(b)  …at any time following the occurrence of a Shareholder Redemption Event, a RCPA [RPB] Shareholder may, by giving notice in writing to the Company (**a Shareholder Redemption Notice**), require the Company to redeem any or all RCPA [RPB] Shares it holds for the Termination Amount [defined in the Terms of Issue as the Face Value, *i.e.*, USD 0.15 per RCPA Share or RPB Share] on the date that is specified in such Notice (**Shareholder Redemption Date**), which must be at least five (5) business days after the date of notice.

17.     Clause 5.3 of the RCPA Share Terms and Clause 5.5 of the RPB Share Terms state in relevant part:

…where a RCPA [RPM] Shareholder elects to redeem a RCPA [RPB] Share pursuant to clause 5.1… the RCPA [RPB] Shareholder may choose for the Termination Amount [*i.e.*, USD 0.15 per RCPA Share or RPB Share] to be paid:

(1)  in cash.

18.     Two of the three Key Persons identified in the Terms of Issue, Dan Lanskey and Butch Flatt, have ceased to be officers or employees of defendant AusTex without the prior written consent of either WHF or Forman.

19.     Pursuant to Clause 5.1(a)(3) of each set of Terms of Issue, the cessation of Dan Lanskey and Butch Flatt as officers or employees of defendant AusTex without the prior written consent of either WHF or Forman constitutes a Shareholder Redemption Event with respect to WHF as both an RCPA Shareholder and an RPB Shareholder and with respect to Forman as an RPB Shareholder.

20.     Defendant AusTex never notified either WHF or Forman in writing of the occurrence of the Shareholder Redemption Event as a result of the cessation of Dan Lanskey and Butch Flatt as officers or employees of defendant AusTex as is required pursuant to Clause 5.1(a) of each set of Terms of Issue.

21.     Promptly upon learning that the second of the Key Persons (Butch Flatt) no longer was an officer or employee of defendant AusTex and that a Shareholder Redemption Event had occurred with respect to them, and in accordance with Clause 5.1(b) of each set of Terms of Issue, each of WHF and Forman exercised its personal right as an RCPA Shareholder and/or an RPB Shareholder to send Shareholder Redemption Notices dated March 10, 2017 to defendant AusTex (each a "Shareholder Redemption Notice").

22.     The Shareholder Redemption Notice from WHF to defendant AusTex (the "WHF Shareholder Redemption Notice") required AusTex to redeem the WHF Preferred Shares in cash for the respective Termination Amount – USD 3,773,706 (the "WHF Termination Amount"). The date for payment of the WHF Termination Amount set forth in the WHF Shareholder Redemption Notice (the "Shareholder Redemption Date," as such term is defined in each set of the Terms of Issue) was March 22, 2017, which was a day at least five (5) business days after the WHF Shareholder Redemption Notice was sent to defendant AusTex on March 10, 2017 by FedEx and received by defendant AusTex on March 13, 2013.

23.     The Shareholder Redemption Notice from Forman to defendant AusTex (the "Forman Shareholder Redemption Notice") required AusTex to redeem the Forman Preferred Shares in cash for the respective Termination Amount – USD 377,370.60 (the "Forman Termination Amount").  The Shareholder Redemption Date set forth in the Forman Shareholder Redemption Notice was March 22, 2017, which was a day at least five (5) business days after the

Forman Shareholder Redemption Notice was sent to defendant AusTex on March 10, 2017 by

FedEx and received by defendant AusTex on March 13, 2013.

24.     AusTex failed to remit the WHF Termination Amount to WHF and the Forman

Termination Amount to Forman on or before March 22, 2017 and continues to refuse to remit the

WHF Termination Amount to WHF and the Forman Termination Amount to Forman.

25.     Section 4.6 of the Subscription Agreement states in relevant part:

4.6 <u>Indemnification of Purchasers</u>.

(a) …the Company will indemnify and hold each Purchaser [RCPA or RPB Preferred Shareholder] and its directors, officers, shareholders, members, partners, employees and agents (and any other Persons with a functionally equivalent role of a Person holding such titles notwithstanding a lack of such title or any other title), each Affiliate of such Purchaser, and the directors, officers, shareholders, agents, members, partners or employees (and any other Persons with a functionally equivalent role of a Person holding such titles notwithstanding a lack of such title of any other title) of such Affiliates (each, a "***Purchaser Party***") harmless from any and all **Damages [defined in the Subscription Agreement as "losses, liabilities, penalties, fines, obligations, claims contingencies, damages (including diminution in value) costs and expenses including all judgments, amounts paid in settlements]**, ***court costs and reasonable attorneys' fees and costs in connection with the sale, transfer, enforcement of rights or exercise of its remedies*** that any such Purchaser Party may suffer or incur as a result of or relating to (i) any breach of any of the representations, warranties, covenants or agreements made by the Company or any of its Subsidiaries in this Agreement or in the other ***Transaction Documents*** or (ii) any Action instituted against any Purchaser Party in any capacity, or any of them or their respective Affiliates, by any shareholder, creditor or lender of the Company or any other Person who is not an Affiliate of such Purchaser Party, with respect to any of the transactions contemplated by the Transaction Documents or any matters in connection therewith.  (Emphasis supplied.)

26.     The Guarantee states in relevant part:

The Guarantors, severally and jointly, hereby agree as follows for the benefit of each Purchaser [each RCPA Shareholder and each RPB Shareholder]:

1.     <u>Guarantee</u>.  The Guarantors hereby, severally and jointly, irrevocably and unconditionally guarantee (the "***Guarantee***") to the Purchasers on the terms and conditions set forth herein, the payment in full of the Termination Amount (as defined in the Terms of Issue) and any other amount to be paid by the Company to any Purchaser as and when required by the Purchase

Agreement [the Subscription Agreement], the Terms of Issue or any other Transaction Document, whether in connection with the redemption of any Preferred Shares or otherwise (collectively, the "***Guaranteed Obligation***").  The Guarantee is one of payment, not collection, and a separate action or actions to enforce this Guarantee may be brought and prosecuted against any and all Guarantors, irrespective of whether any action is brought against the Company or any other Person or whether the Company or any other Person is joined in any such action or actions.  The liability of each Guarantor under this Guarantee shall, to the fullest extent permitted under law, be absolute and unconditional, irrespective of:  (i) the validity, legality or enforceability of the Purchase Agreement against the Company; (ii) any release or discharge of any obligation of the Company under the Purchase Agreement resulting from any change in the corporate existence, structure or ownership of the Company, or any insolvency, bankruptcy, reorganization or other similar proceeding affecting the Company or any of its assets; (iii) any amendment or modification of the Purchase Agreement, or any change in the manner, place or terms of payment or performance of the Guaranteed Obligation or any other obligation of the Company under the Purchase Agreement, or any change or extension of the time of payment or performance of, or alteration of, the Guaranteed Obligation or any other obligation of the Company under the Purchase Agreement, any liability incurred directly or indirectly in respect thereof, or any amendment or waiver of, or any consent to, any departure from the terms of the Purchase Agreement or the documents entered into in connection therewith; (iv) the existence of any claim, set-off or other right that the Company or any Guarantor may have at any time against the Company, whether in connection with the Guaranteed Obligation or otherwise; or (v) any other act or omission that may or might in any manner or to any extent vary the risk of any Guarantor or otherwise operate as a discharge of any Guarantor as a matter of law or equity, other than any defenses under the Purchase Agreement available to the Company (including, without limitation, fraud, criminal activity, willful misconduct or intentional misrepresentation).

## FIRST CLAIM FOR RELIEF
### BY WHF AGAINST AUSTEX - BREACH OF TERMS OF ISSUE

27.    WHF repeats and realleges each and every allegation set forth in paragraphs "1" through "26" as if more fully set forth at length herein.

28.    The failure of defendant AusTex to pay the WHF Termination Amount to WHF upon the occurrence of the Shareholder Redemption Event in accordance with the Shareholder Redemption Notice on or before the Shareholder Redemption Date constitutes a breach of the Terms of Issue by defendant AusTex.

29.     By virtue of defendant AusTex's breach of the Terms of Issue, WHF has been damaged in the sum of USD 3,773,706 plus interest.

## SECOND CLAIM FOR RELIEF
## BY WHF AGAINST AUSTEX – INDEMNIFICATION
## PURSUANT TO THE SUBSCRIPTION AGREEMENT

30.     WHF repeats and realleges each and every allegation set forth in paragraphs "1" through "29" as if more fully set forth at length herein.

31.     Pursuant to Section 4.6 of the Subscription Agreement, defendant AusTex agreed to indemnify RCPA Shareholders and RPB Shareholders from all Damages, as such term is defined in the Subscription Agreement ("Damages"), incurred as a result of any breach of any agreements made by defendant AusTex in the Transaction Documents, which include the Terms of Issue.

32.     The failure of defendant AusTex to pay the WHF Termination Amount to WHF constitutes a breach of defendant AusTex's agreements in the Terms of Issue.

33.     By virtue of defendant AusTex's breach of its agreements in the Terms of Issue, WHF is entitled to indemnification from defendant AusTex for the WHF Termination Amount of USD 3,773,706 plus interest and all Damages due WHF pursuant to the Subscription Agreement, including costs, expenses and reasonable attorneys' fees in connection with WHF's investigation, enforcement of rights and exercise of remedies.

## THIRD CLAIM FOR RELIEF
## BY WHF AGAINST IEC OKLAHOMA, IEC NORTHERN
## AND IEC KANSAS PURSUANT TO THE GUARANTEE

34.     WHF repeats and realleges each and every allegation set forth in paragraphs "1" through "33" as if more fully set forth at length herein.

35.     Pursuant to the Guarantee, defendants IEC Oklahoma, IEC Northern and IEC Kansas, *inter alia*, jointly and severally unconditionally guaranteed the payment of all amounts required to be paid by defendant AusTex to any RCPA Shareholder or RPB Shareholder pursuant to the Transaction Documents, including, but not limited to, any amounts due WHF in connection with the redemption of the WHF Preferred Shares pursuant to the Terms of Issue or indemnification Damages due WHF pursuant to the Subscription Agreement.

36.     Defendant AusTex is required to pay the WHF Termination Amount to WHF pursuant to the Terms of Issue and Damages to WHF pursuant to the Subscription Agreement.

37.     By virtue of the foregoing, defendants IEC Oklahoma, IEC Northern and IEC Kansas are jointly and severally liable to WHF for the USD $3,773,706 WHF Termination Amount plus interest due WHF pursuant to the Share Terms and all Damages due WHF pursuant to the Subscription Agreement, including costs, expenses and reasonable attorneys' fees in connection with WHF's investigation, enforcement of rights and exercise of remedies.

**FOURTH CLAIM FOR RELIEF**
**BY FORMAN AGAINST AUSTEX - BREACH OF SHARE TERMS**

38.     Forman repeats and realleges each and every allegation set forth in paragraphs "1" through "26" as if more fully set forth at length herein.

39.     The failure of defendant AusTex to pay the Forman Termination Amount to Forman upon the occurrence of the Shareholder Redemption Event in accordance with the Shareholder Redemption Notice on or before the Shareholder Redemption Date constitutes a breach of the Terms of Issue by defendant AusTex.

40.     By virtue of defendant AusTex's breach of the Terms of Issue, Forman has been damaged in the sum of USD $377,370.60 plus interest.

## FIFTH CLAIM FOR RELIEF
## BY FORMAN AGAINST AUSTEX – INDEMNIFICATION
## PURSUANT TO THE SUBSCRIPTION AGREEMENT

41.     Forman repeats and realleges each and every allegation set forth in paragraphs "1"

through "26" and "38" through "44" as if more fully set forth at length herein.

42.     Pursuant to Section 4.6 of the Subscription Agreement, defendant AusTex agreed

to indemnify RCPA Shareholders and RPB Shareholders from all Damages incurred as a result

of any breach of any agreements made by defendant AusTex in the Transaction Documents,

which include the Terms of Issue.

43.     The failure of defendant AusTex to remit the Forman Termination Amount to

Forman constitutes a breach of defendant AusTex's agreements in the Terms of Issue.

44.     By virtue of defendant AusTex's breach of its agreements in the Terms of Issue,

Forman is entitled to indemnification from defendant AusTex for the Forman Termination

Amount of USD $377,370.60 plus interest and all Damages due Forman pursuant to the

Subscription Agreement, including costs, expenses and reasonable attorneys' fees in connection

with the Forman's investigation, enforcement of rights and exercise of remedies.

## SIXTH CLAIM FOR RELIEF
## BY FORMAN AGAINST IEC OKLAHOMA, IEC NORTHERN
## AND IEC KANSAS PURSUANT TO THE GUARANTEE

45.     Forman repeats and realleges each and every allegation set forth in paragraphs "1"

through "27"  and "38 through "44"as if more fully set forth at length herein.

46.     Pursuant to the Guarantee, defendants IEC Oklahoma, IEC Northern and IEC

Kansas, *inter alia*, jointly and severally unconditionally guaranteed all amounts required to be

paid by defendant AusTex to any RCPA Shareholder or RPB Shareholder pursuant to the

Transaction Documents, including, but not limited to, any amounts due in connection with the

redemption of the Forman Preferred Shares pursuant to the Terms of Issue or indemnification Damages due Forman pursuant to the Subscription Agreement.

47.     Defendant AusTex is required to pay the Forman Termination Amount to Forman pursuant to the Terms of Issue and Damages to Forman pursuant to the Subscription Agreement.

48.     By virtue of the foregoing, defendants IEC Oklahoma, IEC Northern and IEC Kansas are jointly and severally liable to Forman for the USD $377,370.60 Forman Termination Amount plus interest due Forman pursuant to the Share Terms and all Damages due Forman pursuant to the Subscription Agreement, including costs, expenses and reasonable attorneys' fees in connection with Forman's investigation, enforcement of rights and exercise of remedies.

WHEREFORE, plaintiffs demand judgment as follows:

(a)     On the First Claim for Relief, judgment in favor of WHF against defendant AusTex in the sum of USD $3,773,706 with interest;

(b)     On the Second Claim for Relief, judgment in favor of WHF against defendant AusTex in the sum of USD $3,773,706 with interest and all Damages due WHF pursuant to the Subscription Agreement including costs, expenses and reasonable  attorneys' fees in connection with WHF's investigation, enforcement of rights and exercise of remedies;

(c)     On the Third Claim for Relief, judgment in favor of WHF jointly and severally against defendants IEC Oklahoma, IEC Northern and IEC Kansas in the sum of USD $3,773,706 with interest and all Damages due WHF pursuant to the Subscription Agreement, including costs, expenses and reasonable attorneys' fees in connection with WHF's investigation, enforcement of rights and exercise of remedies;

(d)      On the Fourth Claim for Relief, judgment in favor of Forman against defendant AusTex in the sum of USD $377,370.60 with interest;

(e)      On the Fifth Claim for Relief, judgment in favor of Forman against defendant AusTex in the sum of USD $377,370.60 with interest and all Damages due Forman pursuant to the Subscription Agreement, including costs, expenses and reasonable attorneys' fees in connection with Forman's investigation, enforcement of rights and exercise of remedies;

(f)      On the Sixth Claim for Relief, judgment in favor of Forman jointly and severally against defendants IEC Oklahoma, IEC Northern and IEC Kansas in the sum of USD $377,370.60 with interest and all Damages due Forman pursuant to the Subscription Agreement including costs, expenses and reasonable attorneys' fees in connection with Forman's investigation, enforcement of rights and exercise of remedies;

(g)      On all Claims for Relief of Action, interest, costs, fees disbursements and attorneys' fees; and

(h)      On all Claims for Relief, such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 23, 2017

                                    LAW OFFICES OF MARTIN EISENBERG


                                    /s/_____
                                    Martin Eisenberg
                                    100 Park Avenue, Suite 1600
                                    New York, New York 10017
                                    (212) 351-5020 (Office)

(212) 880-6499 (Fax)
 me@martineisenberglaw.com

Attorneys for Plaintiffs
*Weider Health and Fitness and Bruce Forman*