```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WEIDER HEALTH AND FITNESS, et al.,          :
                                             :
                        Plaintiffs,          :
                                             :    17 Civ. 2089 (RMB) (OTW)
          - against -                        :
                                             :    ORDER
AUSTEX OIL LIMITED, et al.,                  :
                                             :
                        Defendants.          :
------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/18

Having reviewed the record herein, including, without limitation: **(1)** Magistrate Judge Ona Wang's Report and Recommendation, dated September 30, 2018, denying Defendants' Motion for Leave to file Amended Answer, Counterclaim and Third-Party Complaint ("Report and Recommendation"); **(2)** Defendants' Objections to the Report and Recommendation, dated October 17, 2018 ("Objections"), and Defendants' Memorandum of Law, dated October 17, 2018, supporting its Objections ("Defs.' Memorandum"); **(3)** Plaintiffs' Memorandum of Law, dated October 31, 2018, opposing Defendants' Objections ("Pls.' Memorandum"), **the Court denies Defendants' Objections and concludes that Judge Wang's determinations were not clearly erroneous**, as follows: [1]

1 – Report and Recommendation

Judge Wang denied Defendants' proposed amended pleadings and Third-Party Complaint which were set forth in their motion, dated November 22, 2017. In sum, Defendants' motion related to the sale from Defendant AusTex Oil Limited ("AusTex") to Young Capital Partners ("YCP") of preferred shares of AusTex and the alleged resale of those shares by YCP to

---

[1] Any arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected.
   **The parties dispute the applicable standard of review. The Court reaches the same result (even) under the more stringent de novo review analysis.**

1

Plaintiffs. See Report and Recommendation at 2–10. Defendants contended that YCP bought shares from AusTex "for Plaintiffs" (who were allegedly not entitled to participate in the private offering by AusTex). Id. at 5. Defendants also alleged "that YCP represented falsely to AusTex that it was purchasing the Preferred Shares for its own account." Defendants also alleged that YCP had failed to disclose material facts to AusTex. Id. at 6.

Judge Wang also denied Defendants' proposed new counterclaim against Plaintiffs. The new counterclaim alleged, among other things, "aiding and abetting fraudulent inducement." Id. at 10.

And, Judge Wang denied Defendants' proposed Third-Party Complaint against YCP for: (1) "failing to maintain . . . confidentiality" and "for purchasing the Preferred Shares with the intention to sell them to Plaintiffs"; and (2) "fraudulent inducement, because YCP falsely represented to AusTex . . . that it was purchasing the Preferred Shares for YCP and that it was maintaining . . . confidentiality." Id.

In opposing Defendants' motion, Plaintiffs argued, among other things, that Defendants' motion was untimely filed; that it did not satisfy the "good cause" standard; and that any amendment would be "futile." Id. at 1.

In correctly denying Defendants' motion, Judge Wang made three principal findings. First, Judge Wang found that Defendants did not act diligently in moving to amend their Answer. Id. at 14. "Where, as here, a motion to amend a pleading is filed after the deadlines set by the Court, Fed. R. Civ. P. 16(b) requires that the moving party establish 'good cause' for its proposed amendment." Id. at 11. That standard was not met because "the proposed amendment rests on information that [Defendants] knew . . . in advance of the deadline." Id. "Defendants had in their possession the documentary evidence they needed to assert their claims," at least two

2

weeks prior to the September 5, 2017 deadline to amend pleadings, id. at 14, and, in reality, for a significantly longer period of time.

Second, Judge Wang concluded that, under Fed. R. Civ. P. 15, "Defendants' proposed counterclaim for fraud against Plaintiffs is futile [because] it is duplicative of the[ir] breach of contract claims." Id. at 18. "A party cannot sustain a fraud claim based on the same facts as an alleged breach of contract claim unless it has alleged either a legal duty separate from the duty to perform under the contract, [or] a fraudulent misrepresentation collateral or extraneous to the contract." Id. at 19. Judge Wang found that Defendants' fraud claim was clearly "duplicative and futile" and was based on the same facts as their contract claim. Id. at 18–19. For example, "there is no plausible allegation that YCP had any duty extraneous to the contract . . . to disclose its intention to sell the shares it was entitled to purchase from AusTex." Id. at 22.

Third, Judge Wang concluded that "Defendants have not shown any reason why a breach of contract claim against YCP must be litigated here," id. at 23–24, i.e., why it could not separately be litigated in another proceeding. And, "[w]hile there are some overlapping facts, how Plaintiffs came to own AusTex shares has no bearing on the interpretation of the contractual provisions at issue in the parties' [already fully briefed and pending] cross-motions for summary judgment." Id.

2 – Standard of Review

Under Fed. R. Civ. P. 16, where "denial of leave to amend is based on a procedural violation—to wit, non-compliance with a scheduling order without a showing of 'good cause' . . . the 'clearly erroneous' standard of review is appropriate." Sokol Holdings, Inc. v. BMB Munai, Inc., 2019 WL 3467756, at *4 (S.D.N.Y. Oct. 28, 2009); see also Strope v. Collins, 315 Fed. Appx. 57, 61 (10th Cir. 2009).

3

Under Fed. R. Civ. P. 15, motions to amend an answer are non-dispositive. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 341 (S.D.N.Y. 2009). The clearly erroneous standard of review applies to a denial of a motion to amend and file a new counterclaim. Lyondel-Citgo, L.P. v. Petroleos De Venezuela, S.A., 2005 WL 883485, at *3 (S.D.N.Y. Apr. 14, 2005); see also Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007).

Denial of a Third-Party Complaint which denial does not foreclose potential claims being presented in a separate action is not necessarily dispositive. See Covington v. Kid, 1999 WL 9835, at *3 (S.D.N.Y. Jan. 7, 1999). A "clearly erroneous" standard of review may be appropriate. See St. Paul Fire and Marine Ins. Co. v. Health Fielding Ins. Broking Ltd., 1996 WL 19028, at *4 (S.D.N.Y. Jan. 17, 1995); see also supra footnote on p. 1.

3 – Defendants' Objections to Judge Wang's Report and Recommendation are denied

Judge Wang correctly concluded that Defendants had documentary evidence to support their alleged fraud claim against Plaintiffs no later than August 24, 2017, i.e., prior to the September 5, 2017 deadline to amend the pleadings. Report and Recommendation at 14–16; see also Affirmation of Martin Eisenberg ("Eisenberg Affirmation"), Exhibit G, ECF 77-7, Dec. 8, 2017. For example, Plaintiffs identified the resale agreement, dated October 31, 2013, between Plaintiffs and YCP as part of the Rule 26(A) Initial Disclosures served on May 17, 2017. See Eisenberg Affirmation at Exhibit D. Plaintiffs produced a copy of the resale agreement on July 27, 2017, see id. at Exhibit E, and Plaintiffs provided additional documentary evidence in Defendants' "requested format" on August 24, 2017. See id. at Exhibit G. Also, Defendants' own Memorandum cites "a plethora of email communications between Plaintiffs and YCP" and other documents supporting the alleged fraud claim against Plaintiffs. Report and

4

Recommendation at 15–16. In short, as Judge Wang correctly found, "the proposed amendment rests on information that [Defendants] knew . . . in advance of the deadline." Id. at 17.

Second, Judge Wang correctly concluded that Defendants' proposed counterclaim was futile because Defendants' alleged fraud claim is duplicative of the pending breach of contract claims. Id. at 18. The parties currently have before Judge Wang cross motions for summary judgment based upon Plaintiffs' claim of breach of contract. "It is well settled that where, as here, a claim to recover damages for fraud is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie." McKernin v. Fanny Farmer Candy Shops, Inc., 176 A.D.2d 233, 234 (N.Y. 1991).

Third, Judge Wang found that Defendants' Third-Party Complaint against YCP "does not belong in this case." Report and Recommendation at 23. She correctly concluded that, as noted, "how Plaintiffs came to own AusTex shares has no bearing on the interpretation of the contractual provision at issue in the parties' cross-motions for summary judgment." Id. at 24. Defendants' alleged claim(s) against YCP presented in another venue are not foreclosed. See Ivor Wolfson Corp. SA v. Locke Liddell & Sapp LLP, 2001 WL 246384, at *5 (S.D.N.Y. Mar. 31, 2001). And, resolution of the Third-Party Complaint is not integral to the pending (and far along) contract litigation. "[T]here must be more than a tenuous relationship between the main and third-party claims, and the mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." International Paving Systems, Inc. v. Van-Tulco, Inc., 866 F. Supp. 682, 686–87 (2d Cir. 1994) (internal citations and quotation marks omitted); see also supra footnote on p. 1 regarding the Court's de novo and clearly erroneous review.

5

**Conclusion & Order**

For the reasons stated above, Defendants' Objections to Judge Wang's September 30, 2018 Report and Recommendation [# 103] are denied.

Dated: New York, New York
       November 13, 2018

_____
**RICHARD M. BERMAN**
**U.S.D.J.**